

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-13-00046-CR

GERALD RAY BARROW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court
Hale County, Texas
Trial Court No. 2012C-427, Honorable Bill Coleman, Presiding

November 4, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Gerald R. Barrow appeals his misdemeanor conviction for assault causing bodily injury.[1] Through a single issue he asserts his trial counsel rendered ineffective assistance. We will affirm the judgment of the trial court.

A June 4, 2012 information charged Barrow with assaulting Shirley White Barrow by striking her with his fist, causing bodily injury. At the time of the occurrence, Barrow and the victim were living together.[2] In July 2012 they married.

---

[1] TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2014). As charged the offense is a Class A misdemeanor punishable by confinement in jail for not more than one year and a fine not exceeding $4,000. TEX. PENAL CODE ANN. § 12.21 (West 2011).

Counsel was appointed for Barrow and the case against him was tried by jury. Evidence showed Shirley Barrow initially wanted Barrow prosecuted for injuring her but later changed her mind. A police officer testified he interviewed the intoxicated Shirley Barrow at a hospital emergency room. He described her facial injuries and said she reported she had been injured in a fight with Barrow at a local club. Photographs depicted her injuries. Shirley Barrow testified to her altercation with Barrow. She said he hit her with his hand, but testified she started the fight. She testified she hit Barrow with a chair and had a knife, facts she had not told to police. Evidence developed by Barrow's trial counsel also showed Shirley Barrow had a criminal record in New Jersey, had "done time in the pen," and was due in court the day after the assault "on a possession charge." Shirley Barrow testified she did not want to prosecute Barrow and when asked by defense counsel what she wanted to happen to her husband, she responded, "For him to be let go, . . . so we can go home." Barrow did not testify at the guilt phase of trial. The jury found him guilty of the charged offense and assessed punishment at a fine of $1,200. The trial court imposed sentence accordingly.

Represented by different appointed counsel after trial, Barrow filed a notice of appeal and a motion for new trial. Central to Barrow's effort to obtain a new trial was the claimed ineffective assistance of his trial counsel.[3] The trial court conducted an evidentiary hearing on Barrow's new trial motion. Barrow and Shirley Barrow testified.

_____
[2] The information alleged Barrow and White had a dating relationship as defined by Family Code section 71.0021. TEX. FAMILY CODE ANN. § 71.0021 (West 2014).

[3] According to Barrow, his trial counsel did not adequately investigate the case, did not present a defense of self-defense, did not request a criminal history of Shirley Barrow, did not contact witnesses or investigate the possibility of other witnesses, and did not file a motion for continuance in order to obtain Shirley Barrow's criminal history.

The court did not hear an explanation by trial counsel of his trial strategy although it admitted appellate counsel's affidavit to which was attached an unsworn memorandum from trial counsel. The court granted the motion.

The State appealed the order granting a new trial and we abated the present appeal pending disposition of the State's appeal. On July 16, 2014, we issued our opinion in *State v. Barrow,* finding the trial court abused its discretion by granting a new trial.[4] We overruled Barrow's motion for rehearing[5] and the Court of Criminal Appeals refused his petition for discretionary review.[6] After our mandate issued we dissolved the abatement and reinstated this appeal, and the parties filed briefs.

Barrow raises a single issue, again asserting his trial counsel rendered ineffective assistance. Addressing that matter in our disposition of *State v. Barrow,* we applied the *Strickland*[7] standard to the same record that is now before us. 2014 Tex. App. LEXIS 7762, at *10-19. We found the record did not demonstrate the first prong of the *Strickland* analysis was met. *Id.* at *17 n.11. Consideration of the second prong was, accordingly, not required. *Id.*; *see Strickland,* 466 U.S. at 697 ("[T]here is no

---

[4] *State v. Barrow,* No. 07-13-00147-CR, 2014 Tex. App. LEXIS 7762 (Tex. App.—Amarillo July 16, 2014, pet. refused) (mem. op., not designated for publication). Justice Pirtle filed a dissenting opinion and Chief Justice Quinn filed a concurring opinion.

[5] *State v. Barrow,* No. 07-13-00147-CR, 2014 Tex. App. LEXIS 9332 (Tex. App.—Amarillo Aug. 20, 2014, pet refused) (with notation that Pirtle, J., would grant the motion for rehearing).

[6] *State v. Barrow,* No. PD-1268-14, 2015 Tex. Crim. App. LEXIS 70 (Tex. Crim. App. Feb. 4, 2015).

[7] *Strickland v. Washington* presents the standard for ineffective assistance of counsel claims under the United States Constitution. 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one"). We concluded:

> [At the motion for new trial hearing the trial] court did not have before it evidence of conduct by [trial counsel] so outrageous that no competent attorney would have engaged in it. And, despite a hearing on the motion for new trial, the court did not have before it evidence of his reasons for focusing on urging the jury to honor Shirley Barrow's wishes rather than pursuing a claim of self-defense. Having before it no evidence of [trial counsel's] reasons for defending Barrow as he did, the trial court could not properly have seen the record as demonstrating [trial counsel's] representation of Barrow fell below the Sixth Amendment's reasonableness standard.

*State v. Barrow,* 2014 Tex. App. Lexis 7762, at *17-18 (citation and footnote omitted). Now on direct appeal Barrow shows us no legitimate reason why the same issue, arising from the same record we considered in *State v. Barrow*, now requires a contrary conclusion.[8] Finding no merit to Barrow's single issue, we overrule it and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

Pirtle, J., dissenting.

---

[8] Moreover, even were we to be convinced the record affirmatively demonstrates Barrow's trial counsel performed at a level below that required by the Sixth Amendment, *Strickland,* 466 U.S. at 697, the record in no way demonstrates there is a reasonable probability Barrow would have been acquitted if the jury had been provided more detailed information about Shirley Barrow's criminal record, or if trial counsel had pursued the self-defense strategy he argues on appeal. And even now on appeal Barrow acknowledges he received from the jury an "incredibly lenient sentence in this matter." *See Strickland,* 466 U.S. at 694 (prejudice element requires showing there is a reasonable probability that, but for counsel's unprofessional errors, the proceeding's result would have been different).